CHARLES PAONESSA, DEFENDANT IN ERROR, v. CHARLES F. RUH, PLAINTIFF IN ERROR.

Submitted March 19, 1909—Decided June 7, 1909.

1. Section 206 of the District Court act confines the Supreme Court on appeal to the consideration of questions of law and the determination of the legality of the admission or rejection of evidence. Questions of fact determined by the District Court judge or by the verdict of a jury are final and conclusive between the parties.

2. The transmission to the Supreme Court from the District Court of the stenographer's notes as a state of the case, in compliance with the act of 1905 (*Pamph. L., p.* 259), confers upon this court no authority to weigh the evidence. The practice permitted under this statute of returning the whole case should be confined to cases such as those arising on motions to nonsuit or to direct a verdict, or where it is necessary to determine whether there is any evidence, or whether there is an entire absence of evidence as the case may be, to justify the trial court in its rulings.

---

On appeal from the First District Court of Jersey City.

Before Justices GARRISON, BERGEN and VOORHEES.

For the defendant in error, *Randolph Perkins.*

For the plaintiff in error, *Isaac F. Goldenhorn.*

The opinion of the court was delivered by

VOORHEES, J. This is an appeal from the First District Court of Jersey City, in which judgment was rendered for the plaintiff. Suit was brought to recover $250 which the defendant took as a *bonus* to extend a mortgage on the plaintiff's property which was never extended. There is no agreed state of the case. The stenographer's notes have been sent up in lieu thereof under the statute of 1905.

Among the reasons filed are that the proofs do not support the state of demand and there was a variance between the demand and the proofs. A motion to nonsuit was made, founded on these objections. Another reason urged was that there was no evidence before the court which would sustain the judgment. It was shown that the defendant, being the holder of a mortgage about to expire, was asked to extend it for three years or obtain somebody who would take a mortgage on the property, to fall due three years hence. He asked and obtained $250 to accomplish it. A search of title was furnished by the plaintiff. The plaintiff and his wife executed a new mortgage, left it with the defendant to put on record, having told the defendant that he was about to sell the property, which was one of the reasons why he wanted the extension. Several days after he had left the mortgage with the defendant, who did not demur to the arrangement, but afterwards promised to send the papers to the title company, who would record them, the plaintiff sold the place. The defendant did not place the mortgage on record. The new loan was not procured, and the defendant after the property had been sold called in his mortgage. He had on the 8th of April stated in writing that the plaintiff had paid his fees, except the search fees and the new title policy, which were to be paid to Mr. Zabriskie.

The state of demand sets out: "The plaintiff demands of

the defendant for that the defendant took from the plaintiff the sum of $250 as a *bonus* to extend a mortgage on the property of the plaintiff, which said mortgage was never extended, and for this that the plaintiff expended the sum of $30 for a search in anticipation of obtaining such extension."

There was evidence from which the court might find as a matter of fact that the agreement made between the plaintiff and defendant had not been carried out, and that the consideration for which the payment had been made to the defendant had failed. These facts were substantially set forth in the state of demand.

Section 206 of the District Court act confines the Supreme Court on appeal to the consideration of questions of law or the determination of the legality of the admission or rejection of evidence, and section 205 provides that the questions of fact determined by the judge or upon the verdict of a jury shall also be final and conclusive between the parties. The judgment should therefore be affirmed. It may be well to state here that the transmission to this court of the stenographer's notes as a state of the case in compliance with the act of 1905 (*Pamph. L., p.* 259) confers upon this court no authority to weigh the evidence. The practice permitted under this statute of returning the whole case should be confined to cases such as those arising on motions to nonsuit or to direct a verdict or where it is necessary to determine whether there is any evidence, or whether there is an entire absence of evidence, as the case may be, to justify the trial court in its rulings.