### WILLIAM HAUSER v. CHARLES B. SQUIRE.

Argued February 21, 1911—Decided June 19, 1911.

1. The act of 1905 (*Pamph. L.*, p. 259), relating to appeals from District Courts and providing that when a stenographer is appointed to transcribe the proceedings at the trial and take down the testimony therein, the transcript of the proceedings and testimony shall be certified as the state of the case on appeal, establishes an exclusive method of laying before the appellate court all appealable rulings of the district judge occurring during the course of the trial; but does not supersede the provisions of the act of 1902 (*Pamph. L.*, p. 565) with respect to rulings that are entirely outside the scope of such stenographer's transcript.

2. But in cases where a stenographer is so appointed, it will be presumed that the transcript is an essential part of the case on appeal; and unless that presumption be overcome by it being made to appear that the appeal is on questions of law entirely apart from rulings at the trial, an appeal will be dismissed for failure to file the transcript with the clerk of this court within the time limited by the act of 1905, viz., fifteen days after judgment.

---

On motion to dismiss appeal from District Court, and cross-motion to rule said court to certify and send up a state of the case for appeal.

For the appellant, *Frank E. Bradner*.

For the appellee, *Jacob L. Newman*.

The opinion of the court was delivered by

PARKER, J. The case was tried without jury, but a stenographer was appointed pursuant to the act of 1905. *Pamph. L., p.* 259. Judgment was given for the plaintiff, and in due course defendant gave notice of appeal and filed the appeal bond as required by *Pamph. L.* 1902, *p.* 565, relating to appeals from District Courts to this court. The stenographer's transcript not being furnished to appellant within the fifteen days specified in the act of 1905, appellant applied to the judge for and obtained an order extending the time "for agreeing upon or settling the state of the case upon appeal, for the space of thirty days" from its date. An attempt to agree with his adversary upon a state of the case failed, and appellant then applied to the judge to settle the case, and the judge refused to do so, taking the ground that the act of 1905 was exclusive in all cases where a stenographer has been appointed, and hence that the only state of the case available is the transcript of the proceedings and testimony to be made by the stenographer and certified by the judge, and unless such transcript be filed with the clerk of this court within fifteen days after judgment, the right of appeal is lost, relying on *Ervin* v. *Wohlfert,* 48 *Vroom* 430. This position is now taken by appellee on his motion to dismiss. The appellant maintains, on the other hand, that the act of 1902 remains in full force as governing appeals of this character, and—if we understand the argument of his counsel—that with respect to the proceedings at the trial there are provided by these acts of 1902 and 1905 two alternative methods of getting such proceedings before the appellate court.

In *Paonessa* v. *Ruh,* 49 *Vroom* 255, Mr. Justice Voorhees remarked: "The practice permitted under this statute (of 1905) of returning the whole case should be confined to cases such as those arising on motions to nonsuit or to direct a ver-

dict or where it is necessary to determine whether there is any evidence, or whether there is an entire absence of evidence, as the case may be, to justify the trial court in its rulings." This language indicates the use to which the stenographer's transcript is to be put. It is the exclusive method of placing before the appellate court the testimony taken at the trial, and all motions and objections of counsel and the rulings of the trial judge thereon, in the course of such trial. In these respects the provisions of the act of 1902, as to making up a state of the case, are superseded by the act of 1905. But by the act itself the functions of the stenographer are limited to the proceedings at the trial * * * and * * * the testimony therein;" and when the "determination or direction of the District Court in point of law" falls outside of the proceedings at the trial or the testimony, the act of 1905 will have no application, and it follows that questions of law arising apart from the trial and not connected with the trial proceedings, may be raised on appeal without the stenographer's transcript.

But an appellant who omits to file the stenographer's transcript within the fifteen days does so at his peril. If the appellee refuse to join in a state of the case which does not include such transcript, and the judge when applied to for a settlement of the case refuse to settle it, the presumption will be that he has so refused because the appeal covers matters that are provable only by such transcript. In short, the transcript is *prima facie* a part of the appeal unless it appears that the only questions raised are such that such transcript is not required for their determination.

In the present case, there is nothing before us to show what questions were intended to be raised on appeal. Presumably, therefore, the points to be raised, or some of them, are of such a character that a transcript is required.

The burden is on the appellant to show the contrary. This he has not done. Consequently, his motion to rule the judge to send up a state of the case must be denied; and the judge's action being sustained, though on a somewhat different ground

from that taken by him, and appellant having failed to file his transcript in due time or show that such transcript was not required, the appeal must be dismissed. The appellee is entitled to costs on both motions.